**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAPITAL CORP. MERCHANT BANKING, INC.,**

      **Plaintiff,**

-vs-                                                                 **Case No. 6:07-cv-1626-Orl-19KRS**

**CORPORATE COLOCATION, INC., LEONARD NORWICH, FRANCESCA NORWICH, NETWORK54 CORP., and JOHN DOES 1-16,**

      **Defendants.**

_____

# ORDER

This case comes before the Court on the Motion of Defendants Leonard and Francesca Norwich to Dismiss (Doc. No. 41, filed Apr. 21, 2008) and the Response of Plaintiff to Defendants' Motion to Dismiss (Doc. No. 44, filed May 7, 2008).

## Background

Plaintiff Capital Corp. Merchant Banking, Inc. ("Capital Corp.") filed this internet libel case against a number of parties, including Defendants Leonard and Francesca Norwich.[1] (Doc. No. 55, filed June 19, 2008.) Capital Corp. claims that Leonard Norwich posted defamatory statements about it on three websites and Francesca Norwich allowed Leonard to use "a computer registered in her name" to make the defamatory statements. (Doc. No. 55 ¶¶ 18-19.) Capital Corp. alleges that the Norwiches are residents of Pennsylvania. (*Id.* ¶¶ 3-4.) According to the Amended Complaint, venue in this District is proper under 28 U.S.C. § 1391(a) because:

---

[1] Citations to the facts will be drawn from the Second Amended Complaint. (Doc. No. 55.) This document was filed after the Norwiches filed their Motion to Dismiss. However, the Second Amended Complaint contains facts identical to the Amended Complaint with regard to the Norwiches. (*Compare* Doc. No. 24, filed Feb. 11, 2008, *with* Doc. No. 55.)

> [T]he Plaintiff transacts business in this district, the Defendants' offending activities have occurred in this district inasmuch as the Defendants intentionally posted and/or allowed or furthered the posting of malicious information to websites on the Internet that have been and/or could be accessed in this district, the Defendants' offending activities have adversely impacted the Plaintiff's business in this district and the Plaintiff's injuries resulted from the Defendants' offending activities that occurred in this district.

(*Id.* ¶ 9.)

Acting *pro se*, the Norwiches filed a Motion to dismiss, contending that venue does not exist under any of the three provisions of 28 U.S.C. § 1391(a). (Doc. No. 41 at 1-5.) The Norwiches also appear to argue that the suit is barred by the Communications Decency Act, 47 U.S.C. § 230 (2006), and a bill passed by the Pennsylvania legislature. (*Id.* at 6-12.)[2]

**Standard of Review**

On a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of showing that venue in its chosen forum is proper. *Gulf Power Co. v. Coalsales II, LLC*, No. 3:06cv270/MCR, 2008 WL 563484, at *5 (N.D. Fla. Feb. 27, 2008) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). In considering such a motion, the court accepts the facts in the plaintiff's complaint as true. *Wai*, 315 F. Supp. 2d at 1268. A court may also "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990)). Where conflicts exist between allegations in the complaint and evidence outside the pleadings, the court "must draw all

---

[2] In addition, the Norwiches appear to rebut some of Capital Corp.'s factual allegations. (Doc. No. 41 at 6-9.) These factual arguments must be disregarded for purposes of ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994) (the court must accept the plaintiff's factual allegations as true).

reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from the complaint. *E.g.*, *Jackson*, 21 F.3d at 1534; *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). The court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

**I.    Venue**

Capital Corp. does not specify which subsection of 28 U.S.C. §1391(a) on which it relies to establish venue. (*See* Doc. No. 55 ¶ 9.) However, the stated basis for venue appears to be derived from subsections (a)(2) and (a)(3). (*Id.*; Doc. No. 44 at 1-2 (reiterating the basis for venue explained in the complaint and arguing that the Norwiches are subject to personal jurisdiction in this District).)[3]

---

[3] Presumably, Capital Corp. does not contend that venue is proper under section 1391(a)(1). *See* 28 U.S.C. § 1391(a)(1) (venue is appropriate in a district "where any defendant resides, if all defendants reside in the same State"). The Second Amended Complaint does not allege that all defendants reside in Florida. (*See* Doc. No. 55.)

Under 28 U.S.C. § 1391(a)(2), "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." The Eleventh Circuit has explained that the language of § 1391(a)(2) contemplates some cases in which venue will lie in two or more districts. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In assessing whether a "substantial part of the events or omissions giving rise to the claim occurred" in a particular judicial district, courts should consider "only those acts and omissions that have a close nexus to the wrong." *Jenkins Brick Co.*, 321 F.3d at 1372. When "material acts or omissions within the forum bear a 'close nexus' to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Gulf Power Co.*, 2008 WL 563484, at *6 (citing *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005)). The plaintiff is not required to select the venue with "the most substantial nexus to the dispute"; rather, it must simply choose a venue where a substantial part of the events giving rise to the claim occurred. *Id.* (citing *Morgan v. N. Miss. Med. Ctr., Inc.*, 403 F. Supp. 2d 1115, 1122 (S.D. Ala. 2005)). Nevertheless, establishing venue under section 1391(a)(2) generally requires a greater level of relevant activity by the defendant than the minimum contacts test for establishing personal jurisdiction. *See Jenkins Brick Co.*, 321 F.3d at 1372 (disapproving of cases that perform the section 1391(a)(2) analysis in a manner similar to evaluating the sufficiency of minimum contacts for personal jurisdiction).

There is no evidence regarding proper venue currently before the Court, and the inquiry is therefore limited to the allegations in the Second Amended Complaint. In arguing that a "substantial

part of the events or omissions giving rise to the claim occurred" in this District, Capital Corp. cites three facts from the Complaint: (1) that the Norwiches posted defamatory materials on websites which could be accessed in this District; (2) that harm to Capital Corp.'s business reputation occurred in this District; and (3) that Capital Corp. resides in Orlando, Florida, and therefore the injuries resulting from the defamatory statements occurred in this District. (Doc. No. 44 at 2-3.) On first blush, these alleged facts might appear insufficient to establish that a "substantial part" of the relevant events occurred in this District. Given the prevalence of internet access, the first two facts could be used to establish venue in any of the 94 district courts of the United States. Moreover, the third fact is essentially a repetition of the second fact with emphasis that the financial injury occurred in Capital Corp.'s home state of Florida.

Nevertheless, the Court must conduct the venue analysis with an eye to the difficulties posed by applying section 1391(a)(2) to a case in which the "wrong" does not center on physical acts or omissions. Moreover, because the harm from an online defamatory statement can occur in any place where the website or forum is viewed, no one forum should be expected to stand out as a particularly strong candidate for venue. Thus, in the context of defamation and other non-physical torts, courts generally hold that venue under section 1391(a)(2) is proper in the district where the injured party resides and the defamatory statements were published. *Muse v. Bravo Sports*, No. 4:04-cv-00571, 2005 WL 6050732, at *10-11 (S.D. Iowa July 12, 2005) (venue for a professional athlete's misappropriation claim was proper in the district in which the athlete resided and the statements were published); *Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1150-51 (D. Ariz. 2001) (venue in a libel case was proper in the district where the defendant sent four defamatory letters and the plaintiff resided); *DaimlerChrysler Corp. v. Askinazi*, No. CIV.A. 99-5581, 2000 WL

822449, at *6 (E.D. Pa. June 26, 2000) ("In defamation cases, for example, courts have repeatedly held that venue is proper in a district in which the allegedly defamatory statement was published, particularly if injury was suffered in the same district."); *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 51 (D.D.C. 2000) (venue in a libel case was proper in the district where the plaintiff resided and in which the defendant submitted to personal jurisdiction); *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1073 (D. Hawaii 2000) (venue in a libel case was proper in the district where defamatory statements were published and the plaintiff resided).[4]

In this case, Capital Corp. alleges that the website was accessed in this District, that it suffered harm to its reputation in this District, and that it suffered an economic injury in this District. As a result, the allegations are sufficient to establish venue under section 1391(a)(2).[5]

## II.     Failure to State a Claim

The Norwiches also appear to argue that Capital Corp.'s claims are barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230, and a bill passed by the Pennsylvania legislature. (Doc. No. 41 at 6-12.)  Both arguments are incorrect.  The CDA provides immunity for the removal of content, not the creation of the content. *See Fair Housing Council of San Fernando Valley v. Roomates.com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) ("Congress sought to immunize the removal of user-generated content, not the creation of content.").  Likewise, the Pennsylvania legislation upon which the Norwiches rely is inapplicable to this case.  The defamation claims in this case are brought under Florida law and therefore are unaffected by a Pennsylvania statute.  In

---

[4]     The parties have not cited, and the Court is unaware of, any case law dealing with section 1391(a)(2) in the specific context of an internet defamation case.

[5]     Section 1391(a)(3) establishes venue "only when neither section 1391(a)(1) [n]or (2) are satisfied." *Algodonera de las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005).  Because venue is proper under section 1391(a)(2), this subsection does not apply.

addition, the cited legislation creates immunity for participation in a suit to enforce an "environmental law or regulation," a scenario not implicated by this case.[6] Accordingly, the Motion will be denied.

### Conclusion

The Motion of Defendants Leonard and Francesca Norwich to Dismiss (Doc. No. 41, filed Apr. 21, 2008) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 26, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] The Norwiches provide the Court with an early version of House Bill No. 393 which was eventually passed by the legislature in 2000. 2000 Pa. Legis. Serv. 2000-138 (West). The bill amends several sections of the Pennsylvania Statutes. None of these sections are applicable to this case. *See* 27 Pa. Cons. Stat. §§ 7707-08, 8301-05 (regarding costs of mining and the participation in suits to enforce environmental laws and regulations).