**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAPITAL CORP. MERCHANT BANKING, INC.,**

    **Plaintiff,**

v.                                        **Case No. 6:07-cv-1626-Orl-35KRS**

**NETWORK SOLUTIONS, INC.,** *et al.*,

    **Defendants.**
_____

**ORDER**

A review of this case *sua sponte* finds that: (a) this case is scheduled for Pretrial Conference on August 7, 2009 (Dkt. 52); (b) the most recent complaint in this case, Plaintiff's Second Amended Complaint, was filed on June 19, 2008 (Dkt. 55); (c) all Defendants other than those named as John Does 1-16 have been dismissed from this case; and (d) the record does not indicate that service has been successful as to John Does 1-16. Fictitious party practice is generally not permitted in federal court, New v. Sports & Rec., Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Fictitious names may be used where the proposed defendant exists and is adequately described by Plaintiff so that a Doe party can be identified for service, see Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)(citing Gillespie v. Caviled, 629 F.2d 637, 642 (9th Cir. 1980)). It does not appear, however, that the present case qualifies for the exception discussed in Dean.

Accordingly, it is hereby **ORDERED** that Plaintiff shall have ten (10) days from the date of this Order to file a written response showing cause why this case should not be dismissed. Failure to comply with this Order may result in dismissal of this case without further notice from this Court.

**DONE and ORDERED** in Orlando, Florida, this 13th day of July 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party